# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

VARNZIEL WINFIELD,            )
                              )
        Plaintiff,    )
                              )
v.                            )    No. 05 C 5224
                              )
CHICAGO STATE UNIVERSITY,     )
                              )
        Defendant.    )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Centers for New Horizons' ("New Horizons") and Defendant Chicago State University's ("CSU") motions to dismiss. For the reasons stated below, we grant both motions to dismiss.

## BACKGROUND

Plaintiff Varnziel Winfield ("Winfield") claims that he was admitted to CSU's Masters in Social Work program in 2001, which "requires each student to complete a field practicum in a community based organization . . . ." (A. Compl. Par. 6). According to Winfield, he was assigned by CSU to New Horizons for his practicum, where he claims his three female supervisors ("Supervisors") "refused to supervise"

1

him because of his gender.  (A. Compl. Par. 11).  Winfield alleges that from October 2002 through December 2003, Winfield was subjected to "a hostile learning environment" because he was a male.  (A. Compl. Par. 13).  Winfield also alleges that he was required to complete an additional eighty hours of work for his practicum, that CSU's actions caused him "to lose his veteran educational benefits in 2003 and 2004," and that his graduation from CSU was delayed from May 2004 to May 2005, due to the actions of New Horizons and CSU.  (A. Compl. Par. 14-16).  Winfield was granted leave to file an amended complaint on June 20, 2006, and he included in the amended complaint one claim against New Horizons and CSU alleging a violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.* ("Title IX").

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)") requires a court to dismiss an action when it lacks subject matter jurisdiction.  *United Phosphorus, Ltd. v. Angus Chemical Co.*, 322 F.3d 942, 946 (7th Cir. 2003).  If the concern of the court or party challenging subject matter jurisdiction is that "subject matter jurisdiction is not evident on the face of the complaint, the motion to dismiss pursuant to Rule 12(b)(1) would be analyzed as any other motion to dismiss, by assuming for purposes of the motion that the allegations in the complaint are true." *Id.; see also Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995)(stating that when reviewing a motion to dismiss brought under Rule 12(b)(1), this court "must accept

2

as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff"). However, if the complaint appears on its face to indicate that the court has subject matter jurisdiction, "but the contention is that there is in fact no subject matter jurisdiction, the movant may use affidavits and other material to support the motion." *United Phosphorus, Ltd.*, 322 F.3d at 946 (emphasis in original). For the purpose of determining subject matter jurisdiction, this court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Ezekiel*, 66 F.3d at 897 (quoting *Capitol Leasing Co. v. Federal Deposit Insurance Corp.*, 999 F.2d 188, 191 (7th Cir. 1993)). The burden of proof in a Rule 12(b)(1) motion is "on the party asserting jurisdiction." *United Phosphorus, Ltd.*, 322 F.3d at 946.

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the

"operative facts" upon which each claim is based. *Kyle v. Morton High Sch.*, 144 F.3d 448, 454-55 (7th Cir. 1998). Under the current notice pleading standard in federal courts, a plaintiff need not "plead facts that, if true, establish each element of a 'cause of action . . . .'" *Sanjuan v. Am. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later"). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimum notice of claim," *id.*, and the plaintiff cannot satisfy federal pleading requirement merely "by attaching bare legal conclusions to narrated facts which fail to outline bases of [his] claims." *Perkins*, 939 F.2d at 466-67. The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan*, 40 F.3d at 251.

## DISCUSSION

Pursuant to 20 U.S.C. § 1681(a) of Title IX it is unlawful for an individual to be "excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance" because of the individual's gender. 20 U.S.C. § 1681(a).

I. Centers for New Horizons

New Horizons argues that any claims against it should be dismissed for lack of subject matter jurisdiction because New Horizons is not an "education program or activity" covered by Title IX. 20 U.S.C. § 1681. New Horizons does not deny that it receives some federal funding, which is a prerequisite under Title IX. 20 U.S.C. § 1681. New Horizons also admits that it administers some "educational" programs. ( C Mot. Ex. 1, 8). New Horizons, however, argues that it is a "human services organization," rather than an educational institution, and that the only educational programs it administers, such as early education services, are incidental to its mission of serving families. ( C Mot. Ex. 1, 7-8).

In order for a defendant to fall under the purview of Title IX, "an entity must have features such that one could reasonably consider its mission to be, at least in part, educational." *O'Connor v. Davis*, 126 F.3d 112, 117 (2nd Cir. 1997). In the instant action, New Horizons clearly states in an affidavit attached to its motion to dismiss that its mission is "to help families develop the capacity to become self-sufficient, to improve the quality of their lives, and to encourage them to participate in the rebuilding of the Bronzeville[, Illinois] neighborhood." ( C Mot. Ex 1, 7). New Horizons also states that it is not a degree-conferring institution, that it has no affiliation with CSU, and that Winfield is the only CSU intern that New Horizons has had since at least 2001. *See O'Connor*, 126 F.3d at 118 (stating that "[w]e decline . . . to convert [the defendant's] willingness to accept volunteers into conduct analogous to administering an 'education program' as contemplated by Title IX"). Winfield does not dispute any of these statements, except to state that "Plaintiff s

[sic] amended complaint contains a broad description of the services provided by the agency, [that is] broad enough to suffice for Title IX educational program [sic] or activity receiving federal assistance." ( C Mot. Rep. 3-4). Such a vague response, however, is not sufficient to survive a motion under Rule 12(b)(1), when New Horizons has provided evidence showing that it does not fall under Title IX. *See United Phosphorus, Ltd.*, 322 F.3d at 946 (stating that the burden of proof in a Rule 12(b)(1) motion is "on the party asserting jurisdiction"). Accordingly, we find that New Horizons is not covered by Title IX in this case and we grant New Horizons' motion to dismiss.

II. Chicago State University

CSU argues that Winfield has failed to adequately plead a Title IX claim against CSU because CSU cannot be held liable for the conduct of New Horizons. As is indicated above, New Horizons is not an entity that is covered by Title IX. Winfield brought a hostile learning environment claim and discrimination claim against CSU, but he has failed to present any allegations that would enable a reasonable jury to infer that CSU took any part in establishing the work environment at New Horizons for Winfield or took any part in the alleged discrimination by the Supervisors at New Horizons.

Winfield alleges in his amended complaint that CSU "requires each student to complete a field practicum in a community based organization under the supervision of a social work practitioner who has a MSW degree and a minimum of two years

6

post MSW experience." (A. Compl. Par. 6). There are no other allegations in the amended complaint that indicate that CSU requirements were unlawful. Winfield also alleges that CSU assigned him to work at New Horizons. Again, Winfield does not indicate that such an assignment was unlawful. Winfield also alleges that the Supervisors were employees of New Horizons and that they "refused to supervise" him because he was a man. (A. Compl. Par. 2). There are no allegations in the amended complaint that indicate that any CSU employees ordered the Supervisors at New Horizons to act in that manner or that CSU had any involvement with or control over such Supervisors' conduct. There are no allegations that would indicate that CSU was even aware of the such Supervisors' alleged conduct. Winfield specifically alleges that he "complained to his three female supervisors at [New Horizons] that he was being treated differently due to his sex, male." (A. Compl. Par. 12). However, there is no allegation included in the amended complaint that indicates that he ever brought the matter to the attention of CSU employees. Winfield also alleges that, due to the refusal "to supervise him," he needed to complete an additional 80 hours of field work and his graduation was delayed. However, Winfield does not challenge the propriety of the hour requirements imposed by CSU. Rather he objects to the conduct of the Supervisors at New Horizons that allegedly required him to perform additional hours to meet the CSU requirements. There is one isolated allegation in the complaint stating that Dr. Doris Perry ("Perry"), the Program Director at CSU, indicated that "men did not belong in the social work field." (A. Compl. Par. 8). However, there is no indication in the amended complaint that Perry had any control

over or had knowledge of the work environment at New Horizons or the conduct of the Supervisors who worked for New Horizons. In order for a plaintiff to prevail on a Title IX claim, the plaintiff must show that "the behavior at issue denies a victim equal access to education" and the discrimination "must have a concrete, negative effect on the victim's education." *Gabrielle M. v. Park Forest-Chicago Heights, IL. School Dist.*, 163 315 F.3d 817, 823-29 (7th Cir. 2003)(citations omitted). There is no indication in the amended complaint that the alleged statements made by Perry had any concrete effect on Winfield's education or that Perry engaged in any conduct that could violate Title IX. *Id.* (stating that "[e]xamples of a negative impact on access to education may include dropping grades, . . . becoming homebound or hospitalized due to harassment, . . . , or physical violence").

CSU also argues that New Horizons cannot be deemed an agent of CSU. According to the allegations of the complaint, New Horizons is a separate entity from CSU and merely offers some practical on the job training for externs that are seeking credit from CSU. (A. Compl. Par. 4,6, 10). There are no facts alleged that would indicate that CSU controlled New Horizons' operations or that New Horizons could be deemed an agent of CSU. Thus, although CSU would qualify as an institution that is covered by Title IX, there are no allegations, even when viewing the allegations in the amended complaint in the light most favorable to Winfield, that would allow this court to reasonably infer that CSU discriminated against Winfield because of his gender in violation of Title IX.

CSU also argues that the allegations in the complaint do not indicate that CSU

intentionally engaged in discrimination. In order to prevail on a Title IX claim, a plaintiff must show that the defendant engaged in intentional discrimination. *See Torrespico v. Columbia College*, 1998 WL 703450, at *18 (N.D. Ill. 1998)(stating that for a Title IX claim a plaintiff must show that the defendant made an "intentional decision" to discriminate). There are no allegations in the complaint that would indicate that CSU took part in, had knowledge of, or condoned the alleged misconduct by the New Horizons employees. Based upon the allegations in the amended complaint, we cannot reasonably infer that CSU somehow could have anticipated that employees of New Horizons would not work well with Winfield and that CSU intended to send Winfield to New Horizons in order to subject him to discrimination because of his gender. Thus, the absence in the amended complaint of any indication that CSU engaged in intentional discrimination also defeats Winfield's claim against CSU. Therefore, we grant CSU's motion to dismiss.

## CONCLUSION

Based on the foregoing analysis, we grant New Horizons' motion to dismiss and we grant CSU's motion to dismiss.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: August 30, 2006