# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| VARNZIEL WINFIELD | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05 C 5224 |
| | ) | |
| CHICAGO STATE UNIVERSITY, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Varnziel Winfield's ("Winfield") motion for reconsideration of our ruling dated August 30, 2006, in which we granted Defendants Chicago State University's ("CSU") and Centers for New Horizons' ("New Horizons") motions to dismiss. This matter is also before the court on Winfield's motion for leave to file a second amended complaint. For the reasons stated below, we deny the motion for reconsideration and motion for leave to file a second amended complaint.

1

## BACKGROUND

Winfield claims that he was admitted to CSU's Masters in Social Work program in 2001, which "requires each student to complete a field practicum in a community based organization. . . ." (A. Compl. Par. 6). According to Winfield, he was assigned by CSU to New Horizons for his practicum, where he claims his three female supervisors ("Supervisors") "refused to supervise" him because of his gender. (A. Compl. Par. 11). Winfield alleges that from October 2002 through December 2003, he was subjected to "a hostile learning environment" because he was a male. (A. Compl. Par. 13). Winfield also alleges that he was required to complete an additional eighty hours of work for his practicum, that CSU's actions caused him "to lose his veteran educational benefits in 2003 and 2004," and that his graduation from CSU was delayed from May 2004 to May 2005, due to the actions of New Horizons and CSU. (A. Compl. Par. 14-16). Winfield was granted leave to file an amended complaint on June 20, 2006, and he included in the amended complaint one claim against New Horizons and CSU alleging a violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.* On August 30, 2006, we granted CSU's and New Horizons' motions to dismiss the action. Winfield now requests that we reconsider our ruling and asks for leave to file a second amended complaint.

## LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) ("Rule 59(e)") permits parties to file, within ten days of the entry of a judgment, a motion to alter or amend the judgment. Fed. R. Civ. P. 59(e). Rule 59(e) motions do not give a party the opportunity to rehash old arguments or to present new arguments or evidence "that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996)(citing *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)). Rather, for a Rule 59(e) motion, the movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" in order to be successful. *LB Credit Corp.*, 49 F.3d at 1267 (quoting *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986)). The decision of whether to grant or deny a motion brought pursuant to Rule 59(e) "is entrusted to the sound judgment of the district court. . . ." *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

## DISCUSSION

I. Rule 59(e) Motion to Reconsider

Winfield fails to argue in his motion for reconsideration any legal basis for the court to reconsider its prior ruling. Instead, Winfield concedes that his amended complaint was deficient and merely asks the court for leave to file a second amended complaint in which he "has corrected the previous[] . . . deficiencies" in his amended complaint. (Mot. 2). However, since Winfield has failed to provide a basis under Rule 59(e) for reconsideration, we deny the motion for reconsideration. A motion

3

for reconsideration is not a procedural mechanism for restarting a case in which there is a final judgment, and is not a mechanism that can be used to amend a complaint in such an instance.

II. Rule 15(a) Motion for Leave to File a Second Amended Complaint

Federal Rule of Civil Procedure 15(a) ("Rule 15(a)") provides that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served." Fed. R. Civ. P. 15(a). If a party cannot amend a pleading as a matter of right, the "party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." *Id*. However, while leave to amend is to be "freely given when justice so requires," *Id.*, "leave to amend is not automatically granted, and may be properly denied at the district court's discretion for reasons including undue delay, the movant's bad faith, and undue prejudice to the opposing party." *Crest Hill Land Dev., LLC v. City of Joliet*, 396 F.3d 801, 804 (7th Cir. 2005).

A party is allowed under Rule 15(a) to amend his or her complaint "once as a matter of course at any time before a responsive pleading is served . . .," Fed. R. Civ. P. 15(a), and a motion to dismiss is not deemed a responsive pleading for purposes of Rule 15(a). *Duda v. Board of Educ. of Franklin Park Public School Dist. No. 84*,

4

133 F.3d 1054, 1056-57 (7th Cir. 1998). However, in this case we entered a final judgment and dismissed the case with prejudice when we granted CSU's and New Horizon's motions to dismiss. Leave to file an amended complaint is not warranted where "the proposed amendment fails to cure the deficiencies in the original pleading, or could not survive a second motion to dismiss." *Crestview Village Apts. v. United States Dep't Of Housing & Urban Dev.*, 383 F.3d 552, 558 (7th Cir. 2004)(quoting *Perkins v. Silverstein*, 939 F.2d 463, 471-72 (7th Cir. 1991)); *see also Payne v. Churchich*, 161 F.3d 1030, 1036-37 (7th Cir. 1998)(stating that "[t]he Supreme Court has stated that leave to amend need not be given if there is an apparent reason not to do so, such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment'")(quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

A. Proposed Second Amended Complaint as to New Horizons

New Horizons argues that Winfield's motion for leave to file a second amended complaint should be denied because a second amended complaint would be futile. In granting New Horizons' motion to dismiss, we stated that New Horizons had clearly stated "in an affidavit attached to its motion to dismiss that its mission is

'to help families develop the capacity to become self-sufficient, to improve the quality of their lives, and to encourage them to participate in the rebuilding of the Bronzeville[, Illinois] neighborhood.'" *Winfield v. Chicago St. Univ.*, 2006 WL 2524137, at *3 (N.D. Ill. 2006)(internal citations to record omitted). In addition, we found that New Horizons was "not a degree-conferring institution, that it has no affiliation with CSU, and that Winfield is the only CSU intern" at New Horizons since 2001. *Id.* As such, we found that New Horizons was not covered by Title IX in this case and we granted New Horizons' motion to dismiss. *Id.* Winfield contends that the proposed second amended complaint "correct[s] the . . . deficiencies [in the amended complaint]." (Mot. 1).

Winfield's proposed second amended complaint alleges that "New Horizons . . . offers an education program or activity within the meaning of Title IX which receives federal financial assistance." (Prop. Sec. A. Compl. Par. 4). The proposed second amended complaint further alleges that CSU "contracted with . . . New Horizons to provide [Winfield] with a MSW field practicum." (Prop. Sec. A. Compl. Par. 8). However, after reviewing Winfield's proposed second amended complaint, Winfield still has no cognizable federal claim arising from the events of which he complains. As noted above, it is undisputed that the mission of New Horizons is "to help families develop the capacity to become self-sufficient, to improve the quality of their lives, and to encourage them to participate in the rebuilding of the Bronzeville[, Illinois] neighborhood." *Winfield*, 2006 WL 2524137, at *3. Further, it is undisputed that "New Horizons . . . is not a degree-conferring institution, that it

has no affiliation with CSU, and that Winfield is the only CSU intern that it has had since at least 2001." *Id*. The fact that Winfield simply alleges in a conclusory fashion that "New Horizons . . . offers an education program or activity within the meaning of Title IX which receives federal financial assistance" does not negate this court's statement that "New Horizons is not covered by Title IX in this case," *Id*., and, thus, "the proposed amendment fails to cure the deficiencies in the original pleading [and] could not survive a second motion to dismiss." *Crestview Village Apts.*, 383 F.3d at 558. Therefore, based on the reasons stated above, we deny Winfield's motion for leave to file a second amended complaint as to New Horizons.

      B. Proposed Second Amended Complaint as to CSU

CSU argues that Winfield's motion for leave to file a second amended complaint should be "denied because [the proposed second amended complaint] does not cure the defects cited by the Court in dismissing [Winfield's] first amended complaint." (CSU Resp. 3). In granting CSU's motion to dismiss, we stated that Winfield failed to allege that CSU "took any part in establishing the work environment at New Horizons for Winfield or took any part in the alleged discrimination by the Supervisors at New Horizons." *Winfield*, 2006 WL 2524137, at *3. Additionally, we granted CSU's motion to dismiss because "[t]here [we]re no allegations in the amended complaint that indicate that any CSU employees ordered the Supervisors at New Horizons to act in that manner or that CSU had any involvement with or control over such Supervisors' conduct." *Id*.

7

Winfield contends that the proposed second amended complaint "correct[s] the . . . deficiencies [in the amended complaint]." (Mot. 1). However, after reviewing Winfield's proposed second amended complaint, the amendment would be futile because the new pleading could not withstand a motion to dismiss and there has also been undue delay in the filing of the proposed changes. *See Payne*, 161 F.3d at 1036-37 (stating reasons that the court need not allow a plaintiff to file an amended complaint). Winfield's proposed second amended complaint contains no allegations that CSU employees intended to discriminate against Winfield. Additionally, Winfield's proposed second amended complaint does not allege that CSU employees took any discriminatory actions. Further, Winfield does not allege that CSU controlled the actions of New Horizons, which is not affiliated with CSU. Finally, even if the new pleading could withstand a motion to dismiss, Winfield was given an opportunity to previously amend his complaint to state claims upon which relief could be granted and was unable to correct the defaults contained in the original complaint. *See Looper Maintenance Serv. v. City of Indianapolis*, 197 F.3d 908, 914 (7th Cir. 1999)(stating that "leave to amend need not be given if there is an apparent reason not to do so, such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.'")(quoting *Payne*, 161 F.3d at 1036). Therefore, based on the reasons stated above, we deny Winfield's motion for leave to file a second amended complaint as to CSU.

## CONCLUSION

Based on the foregoing analysis, we deny Winfield's motion for reconsideration and motion for leave to file a second amended complaint.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: February 28, 2007